Mark W. Kelsey, Attorney, SB#295818
877 Ygnacio Valley Rd., Ste. 208
Walnut Creek, CA 94596
(ph) 925.476.5761; (fax) 925.476.5771
mark@markwkelseylaw.com

*Attorney for the Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALAD BALDWIN AND KATHRYN WADE, <br><br> Plaintiffs <br><br> vs. <br><br> OFFICER JAMES COLLEY (#4705), <br> in his official and individual capacities, <br><br> OFFICER CASEY BROGDON (#5334), <br> in his official and individual capacities, <br><br> ANTIOCH POLICE DEPARTMENT, and <br><br> CITY OF ANTIOCH, CALIFORNIA <br><br> Defendants | Case No.: _____ <br><br> **COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS [42 U.S.C. § 1983] AND RELATED CAUSES OF ACTION, AND FOR INJUNCTIVE RELIEF** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Come now the Plaintiffs Malad Baldwin and Kathryn Wade with this complaint against Defendants Officer James Colley, Officer Casey Brogdon, Antioch Police Department, and the City of Antioch, California, which states as follows:

## INTRODUCTION

1. This is an action for money damages and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution, and the laws of the State of California, against Officers James Colley and Casey Brogdon of the City of Antioch, California Police Department, in their official and individual capacities, and against the Antioch Police Department and the City of Antioch, California.

BALDWIN, ET.AL. V. COLLEY, ET.AL. — COMPLAINT                                                                 1

2. Plaintiff Malad Baldwin alleges that Defendants James Colley and Casey Brogdon made an unreasonable seizure, assaulted, battered, and used unreasonable force against the person of Plaintiff, causing severe physical and emotional injuries, and that all of these acts were done under the color of state authority.

3. Plaintiff Kathryn Wade, who is the biological mother of Plaintiff Malad Baldwin, alleges that Defendants James Colley and Casey Brogdon proximately caused her extreme emotional and mental distress as an immediate bystander to the acts described in Paragraph #2, which distress also manifested in physical injuries.

4. Plaintiffs allege that all relevant acts were committed by Defendants James Colley and Casey Brogdon within the course and scope of their employment by Defendant Antioch Police Department and Defendant City of Antioch, and that Defendants Antioch Police Department and the City of Antioch are therefore liable for Plaintiffs' injuries under a theory of respondent superior.

## JURISDICTION AND VENUE

5. This court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983.

6. This court has supplemental jurisdiction over Plaintiffs' causes of action arising under California state law pursuant to 28 U.S.C. § 1367, because they arise from the same operative facts as the federal claims. Plaintiffs have complied with California's pre-lawsuit requirements pursuant to Cal. Gov't Code § 945.4 et. seq. by filing a Government Tort Claim on 10/20/14 through the Law Office of John L. Burress.

7. Venue lies in the United Staes District Court for the Northern District of California because, under 28 U.S.C. § 1391(b)(2), a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in Contra Costa County, California.

## PARTIES

8. Plaintiffs Malad Baldwin and Kathryn Wade are adult citizens and residents of the City of Antioch in the County of Contra Costa, California.

9. Defendants Officer James Colley and Officer Casey Brogdon were officers of the Antioch Police Department when the relevant events occurred. They are sued in their official and individual capacities.

10. Defendants Antioch Police Department and the City of Antioch are municipal entities and are the public employers of Defendants James Colley and Casey Brogdon.

# BACKGROUND

11. On April 28, 2014, at approximately 4:30 in the afternoon, Plaintiff Malad Baldwin was asleep in the passenger seat of his mother's car, which was parked, with the engine off, in front of his family's home on Berryessa Court in Antioch, California. He was wearing headphones, had the seat reclined, and had a baseball cap pulled down over his eyes to block out the sunlight as he waited for his mother and brother who were inside the home preparing for a scheduled excursion to a local hospital.

12. At about the same time, Defendants Officer James Colley and Officer Casey Brogdon responded to a report of an unidentified black male in the street on Berryessa Court "carrying a bottle of alcohol and yelling at people."

13. Plaintiff Malad Baldwin had been asleep for roughly fifteen to twenty minutes prior to abruptly being awakened by unnecessarily rough manhandling by Defendant Officer James Colley, who had unreasonably opened the passenger's-side door of the vehicle without legal justification and was now violently yanking Plaintiff's body from the vehicle.

14. Defendant Officer James Colley immediately slammed Plaintiff Malad Baldwin's body against the side of the vehicle, handcuffed him, and then slammed him down onto adjacent pavement, face and head first, causing Plaintiff Malad Baldwin to immediately lose consciousness and causing severe physical injuries.

15. The next thing that Plaintiff Malad Baldwin remembers is that Defendant Officer Casey Brogdon then placed his knee on the back of Plaintiff's neck, further forcing his head and face to scrape the rough pavement, and then began punching Plaintiff Malad Baldwin about the head, face, and body.

16. At roughly the same time as the acts described in Paragraph #15, Defendant Officer James Colley began repeatedly striking Plaintiff Malad Baldwin with a large metal police-issued flashlight with extremely forceful blows to the anal/genital area which had been exposed by forcefully separating Plaintiff's legs while Plaintiff lay face down. The pain of these blows caused Plaintiff to again temporarily lose consciousness.

17. When Plaintiff Malad Baldwin again regained consciousness, he felt one or both of the Defendant Officers pulling on his wrists, legs, and feet, and exclaimed "My hand! I'm hurt! I just had surgery!" because Plaintiff had recently had surgery on his left wrist to repair an artery, to which Defendant Officer James Colley shouted "Shut the fuck up!" and "Quit Resisting!".

18. Plaintiff Kathryn Wade, who had previously been inside the family home making preparations for the scheduled trip to the local hospital, heard the commotion outside and went to investigate its source, whereupon she observed her son on the pavement, bleeding, and being assaulted and battered by the officers as described above. She then pleaded with the officers to stop beating her son, and in particular to be careful with his left wrist due to his recent surgery, to which Defendant Officer James Colley responded "Shut the fuck up!" and "Go back inside the house."

19. Plaintiff Kathryn Wade then informed the officers that she needed the assistance of a cane to walk, but the officers ignored her and again shouted "Go back inside," causing Ms. Wade to fall and sustain physical injuries.

20. The extreme shock of seeing her son being treated in the way described above caused Plaintiff Kathryn Wade to suffer severe emotional and mental distress.

21. As a direct and proximate result of the acts described above, Plaintiff Malad Baldwin continues to suffer severe emotional and mental distress.

## COUNT I

### 42 U.S.C. § 1983, against Defendants James Colley and Casey Brogdon

22. Plaintiffs re-allege and incorporate by reference ¶¶ 1 through 21.

23. Plaintiffs claim damages under 42 U.S.C. § 1983 for the injuries set forth above against Defendants James Colley and Casey Brogdon for violation of constitutional rights under color of state law.

## COUNT II

### Assault, against Defendants James Colley and Casey Brogdon

24. Plaintiffs re-allege and incorporate by reference ¶¶ 1 through 21.

25. Defendants James Colley and Casey Brogdon acted intending to cause harmful contact with Plaintiff Malad Baldwin.

26. Plaintiff Malad Baldwin reasonably feared that he was about to be touched in a harmful manner.

27. Plaintiff did not consent to the Defendants' conduct.

28. Plaintiff suffered severe physical, mental, and emotional harm.

29. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

## COUNT III

### Battery, against Defendants James Colley and Casey Brogdon

30. Plaintiffs re-allege and incorporate by reference ¶¶ 1 through 21.

31. Defendants James Colley and Casey Brogdon battered Plaintiff by intentionally and offensively contacting Plaintiff Malad Baldwin's body without justification or excuse.

## COUNT IV

### 42 U.S.C. § 1983, against Defendants Antioch Police Department and City of Antioch

32. Plaintiffs re-allege and incorporate by reference ¶¶ 1 through 21.

33. Prior to April 28, 2014, the Antioch Police Department and the City of Antioch developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Antioch, which caused the violation of Plaintiff's rights.

34. It was the policy and/or custom of the Antioch Police Department and the City of Antioch to inadequately supervise and train its police officers, including Defendants Officer James Colley and Officer Casey Brogdon, thereby failing to adequately discourage constitutional violations by its police officers.

35. It was the policy and/or custom of the Antioch Police Department and the City of Antioch not to require the use of body cameras by its officers in the field.

36. As a result of the above-described policies and/or customs, police officers of the Antioch Police Department, including Defendant James Colley, believed that their actions would not be properly monitored and that police misconduct would not be properly investigated.

37. As a result of the above-describe policies and/or customs, police officers of the Antioch Police Department, including Defendant James Colley, believed that unnecessary force could be used with impunity in the absence of video recording of their use force.

38. The above-described policies and/or customs demonstrate a deliberate indifference on the part of the Antioch Police Department and the City of Antioch to the constitutional rights of persons within the City of Antioch, and were the direct and proximate cause of the violations of Plaintiffs' rights alleged herein.

## COUNT V

**Respondeat Superior, against Defendants Antioch Police Department and City of Antioch**

44. Plaintiffs re-allege and incorporate by reference ¶¶ 1 through 21.

45. Defendants Antioch Police Department and the City of Antioch are liable for the assault and battery committed by Defendants James Colley and Casey Brogdon, since they employed Defendants James Colley and Casey Brogdon, who committed said torts within the course and scope of their employment.

## COUNT VI

**Liability to Bystander for Emotional Distress against Each and Every Defendant**

46. Plaintiffs re-allege and incorporate by reference ¶¶ 1 through 45.

47. Plaintiff Kathryn Wade, as the mother of Plaintiff Malad Baldwin, is a close personal relative and is among the potential plaintiffs who can be compensated for the emotional distress of witnessing the injuries to Plaintiff Malad Baldwin.

48. Plaintiff Kathryn Wade was immediately present and witnessed the injuries to her son.

49. As a direct and proximate result of witnessing said injuries, Plaintiff Kathryn Wade suffered severe emotional and mental distress, with accompanying physical manifestations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this court:

A. Enter judgment in favor of Plaintiffs and against Defendants;

B. Enter an order declaring Defendants' acts and omissions unconstitutional;

C. Award Plaintiffs compensatory and punitive damages against Defendants in the amount of two million dollars ($2,000,000.00);

D. Award Plaintiffs' counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

E. Enter a permanent injunction, upon proper motion, requiring Defendants Antioch Police Department and City of Antioch to adopt appropriate policies for supervising police officers' use of force, including requiring the use of "body-cams" during all field duty; and

F. Grant to Plaintiffs such other and further relief as may be just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted on this 18th day of June, 2015.

*[signature]*

Mark W. Kelsey, State Bar of California #295818
The Law Offices of Mark W. Kelsey
877 Ygnacio Valley Rd., Ste. 208
Walnut Creek, CA  94596
(925) 476-5761 (phone)
(925) 476-5771 (fax)
mark@markwkelseylaw.com
*Attorney for the Plaintiffs*

## VERIFICATION

(Verification of Pleading and Declaration under Penalty of Perjury)

CASE TITLE :   Malad Baldwin, et.al.  v. Officer James Colley, et. al.

I, Malad Baldwin, hereby declare:

1. I am a Plaintiff in the above-entitled matter.

2. I have read the foregoing complaint and know the contents thereof.

3. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

Executed on this 18th day of June, 2015, at Contra Costa County, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature of Plaintiff Malad Baldwin

I, Kathryn Wade, hereby declare:

1. I am a Plaintiff in the above-entitled matter.

2. I have read the foregoing complaint and know the contents thereof.

3. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

Executed on this 18th day of June, 2015, at Contra Costa County, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature of Plaintiff Kathryn Wade