UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALAD BALDWIN, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>JAMES COLLEY, et al.,<br><br>        Defendants. | Case No. 15-cv-02762-KAW<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT CASEY BROGDON**<br><br>Re: Dkt. No. 47 |

Plaintiffs Malad Baldwin and Kathryn Wade brought the instant lawsuit against Defendants James Colley and Casey Brogdon, alleging: (1) a 42 U.S.C. § 1983 claim based on "violation of constitutional rights under color of state law,"[1] (2) assault, (3) battery, and (4) negligent infliction of emotional distress ("NIED") as to Plaintiff Wade. (Compl., Dkt. No. 1.) Defendants then moved for summary judgment on Plaintiff Wade's NIED claim. (Defs.' Mot., Dkt. No. 47.) In a separate order, the Court denied Defendants' motion for summary judgment as to the NIED claim against Defendant Colley. (Dkt. No. 53.) Upon consideration of the moving papers and supplemental briefs, as well as the arguments presented at the April 6, 2017 motion hearing, and for the reasons set forth below, Defendants' motion for summary judgment as to the NIED claim against Defendant Brogdon is DENIED.

---

[1] The Complaint fails to specify which constitutional rights of Plaintiffs were violated. The Court assumes that Plaintiff Malad Baldwin asserts Fourth Amendment excessive force claims, and that Plaintiff Kathryn Wade does not. (*See* Dkt. No. 28 at 4 (joint case management conference statement, indicating that Plaintiffs are alleging "42 U.S.C. § 1983 Fourth Amendment Violation").)

## I.  DISCUSSION[2]

In their moving papers, Defendants argued that summary judgment should be granted in favor of Defendant Brogdon because Plaintiff Wade did not see him use any force against Plaintiff Baldwin, as he was responsible only for holding Plaintiff Baldwin to the ground. (Defs.' Mot. at 9.) Plaintiffs opposed, arguing that "[t]he two officers were in a joint venture to effectuate the arrest of [Plaintiff] Baldwin," such that "the fact that [Defendant] Colley was the one delivering the blows and [Defendant] Brogdon was the one immobilizing [Plaintiff] Baldwin to receive those blows provides absolutely no protection for [Defendant] Brogdon against liability" for emotional distress to Plaintiff Wade. (Plfs.' Opp'n at 9.) Neither party provided legal authority in support of their position. (*See* Defs.' Mot. at 9; Plfs.' Opp'n at 9, Dkt. No. 49; Defs.' Mot. at 8-9.) At the April 6, 2017 hearing, the Court permitted the parties to provide supplemental briefing on the applicability of the "integral participant" theory. (Dkt. No. 51.) On April 10, 2017, Defendants filed their supplemental brief. (Defs.' Supp. Brief, Dkt. No. 52.) On April 17, 2017, Plaintiffs filed their responsive supplemental brief. (Plfs.' Suppl. Brief, Dkt. No. 54.)

"In the Ninth Circuit, a plaintiff may hold multiple police officers liable when at least one officer violates the plaintiff's constitutional rights based on an 'integral participant' theory of liability." *Bresaz v. Cty of. Santa Clara*, Case No. 14-cv-3868-LHK, 2015 WL 1230316, at *3 (N.D. Cal. Mar. 17, 2015) (citing *Chuman v. Wright*, 76 F.3d 292, 295 (9th Cir. 1996)). Integral participation "require[s] some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007). For example, an officer who arrives at a scene after an arrest was completed "d[oes] not participate in any integral way in the arrest." *Id.* By contrast, an officer's assistance in handcuffing a plaintiff which "was instrumental in the officers' gaining control of [the plaintiff,] which culminated in [the] application of hobble restraints," is integral to the application of the hobble restraints. *Id.*

Defendants argue that the "'integral participant' theory does not appear to apply in the context of state tort claims," but are unable to point to any authority. Instead, in support of this

---

[2] The facts, standard of review, and evidentiary objections were discussed in the Court's order denying Defendants' motion for summary judgment as to the NEID claim against Defendant Colley. (Dkt. No. 53 at 2-5.) The Court incorporates that discussion into this order.

2

argument Defendants point to the lack "of any authority that states this theory of liability may be applied in state tort claims, and more specifically to hold a defendant liable for NIED as an 'integral participant' when their own conduct would not be grounds for specific NIED recovery." (Defs.' Supp. Brief at 2.) Defendants, however, cite to *Bresaz*, which did apply an integral participant theory to an NIED claim. (*Id.*) There, the plaintiffs had brought claims, including an NIED claim,[3] against two officers who responded to a call about the decedent, who had a history of mental illness. 2015 WL 1230316, at *1. Although the officers allegedly should have known they were responding to a call regarding a person with mental health issues, one of the officers approached the decedent from behind, causing the decedent further distress. *Id.* at *2. The decedent then moved towards the officer, and the second officer moved quickly towards the decedent, causing the decedent to swing his key chain at the officers. The second officer shot the decedent in the stomach, killing him. *Id.* The district court denied the motion to dismiss the claims against the officer who did not shoot, applying the integral participant theory. *Id.* at *5.

Oddly, Plaintiffs appear to disclaim the use of the integral participant theory, arguing that "[n]either Plaintiffs nor Defendants have ever invoked the 'integral participant' theory in this case," and that "[t]he doctrine has no applicability to the case now at bar." (Plfs.' Supp. Brief at 2.) Plaintiffs repeat arguments about NIED generally, relying on cases that the Court already explained were rejected by the California Supreme Court. (Dkt. No. 53 at 7 (explaining that the California Supreme Court had rejected *Archibald v. Braverman*, 275 Cal. App. 2d 253 (1969) and *Nazaroff v. Superior Court*, 80 Cal. App. 3d 553 (1978)); Plfs.' Supp. Brief at 3-4 (citing to *Archibald* and *Nazaroff*)). Even if those cases were still good law -- which they are not -- they are not relevant to the instant discussion because those cases concern contemporaneous observation. In contrast, Defendants' motion concerns whether Defendant Brogdon can be held liable for holding Plaintiff Baldwin down when Plaintiff Wade did not actually witness him beat Plaintiff Baldwin.

Plaintiffs' disclaimer of the integral participant theory seems to be based on a fundamental

---

[3] *See Bresaz*, Case No. 14-cv-3868-LHK, Dkt. No. 1 (the plaintiff's complaint, bringing NIED claim against all of the defendants).

3

misunderstanding of the integral participant theory, as Plaintiffs argue that Defendant Brogdon can be held liable for his "indispensable assistance . . . in keeping Plaintiff Baldwin immobilized against the ground" while Defendant Colley beat Plaintiff Baldwin. (Plfs.' Supp. Brief at 4.) This is, in essence, how the integral participant theory applies. Here, Plaintiff Wade witnessed Defendant Brogdon holding Plaintiff Baldwin down while Defendant Colley beat him with a flashlight. (Blechman Decl., Exh. B ("Wade Dep.") at 107:20-21, 108:9-13, Dkt. No. 47-1.) By holding Plaintiff Baldwin down by his neck, Defendant Brogdon was able to control Plaintiff Baldwin, which allowed Defendant Colley to commit the alleged violation. Thus, the Court concludes that Defendant Brogdon was an integral participant to the alleged violation, comparable to the officer who is integral to the application of hobble restraints by assisting in handcuffing a plaintiff which in turn, allows the officers to gain control of the plaintiff in order to apply the hobble restraints. *See Blankenhorn*, 485 F.3d at 481 n.12; *see also Bresaz*, 2015 WL 1230316, at \*3-5 (denying motion to dismiss claims -- including NIED claim -- based on the integral participant theory). He may, therefore, be held liable for Plaintiff Wade's NIED claim; this is a question of fact for the jury to decide.

## II. CONCLUSION

For the reasons stated above, the Court DENIES Defendants' motion for summary judgment as to Defendant Brogdon.

This order disposes of Docket No. 47.

IT IS SO ORDERED.

Dated: April 21, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

4